IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

KASEY PERRON

    Petitioner

Vs.                                            Case no.

                                                      Honorable:

SARAH SCHROEDER, Warden,
Alger Correctional Facility,
N6141 Industrial Park Drive,
Munising, MI 49862.

    Respondent.

_____/

Carl Christoph (41377)
Attorney for Petitioner Kasey Perron
23332 Farmington Road, #1038
Farmington, Michigan 48332-1038
(800) 909-2275
carlchristoph@juno.com

**PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Kasey Perron, by and through his attorney, Carl Christoph, pursuant to 28 U.S.C. Section 2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus, and states:

    1.) Petitioner is a citizen of the State of Michigan who is currently incarcerated under inmate number 527537 in the Alger Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862.

2.) The Alger Correctional Facility is a state prison operated by the State of Michigan in the Western District of Michigan. Respondent Sarah Schroeder, is the Warden of the Alger Correctional Facility.

3.) Petitioner is being held in prison pursuant to his conviction entered in the Chippewa County Circuit Court, which is within the Western District of Michigan, on November 2, 2018, case no. 18-3632-FC, where he pled guilty to one count of criminal sexual conduct, first degree (relationship) MCL 750.520 B1B, and one count of criminal sexual conduct, assault with intent to commit sexual penetration, MCL 750.520G1, pursuant to a plea agreement with the prosecution before the Hon. James Lambros. (PT, 3-4; see Judgment of Sentence, Appendix).[4] The plea agreement included a non-binding sentence recommendation of 72 months-to-30 years in the Michigan Department of Corrections, and the prosecution agreed not to pursue any additional charges that could have resulted from the within case. (PT, 4).

4.) On February 12, 2019, Judge Lambros sentenced Petitioner to 15-to-30 years, with credit for 137 days time served, for criminal sexual conduct, first degree (relationship), and 57 months-to-10 years for criminal sexual conduct, assault with intent to commit sexual penetration, with credit for 137 days time served. (ST, 15-16)[5]; see Judgment of Sentence, Appendix). Prior to sentencing, the probation department scored Petitioner's sentencing guidelines to be 135-to-225 months incarceration for criminal sexual conduct, first degree, and 29 months-to-57 months for criminal sexual conduct, assault with intent to commit sexual penetration. (see Sentencing Information Reports, "SIR", Appendix). Petitioner continues to serve those sentences in the Michigan Department of Corrections under inmate number 527537.

---

[4] "PT" refers to plea transcript dated November 2, 2018.
[5] "ST" refers to sentence transcript dated February 12, 2019.

5.) Petitioner exhausted his state court remedies in this case by filing a delayed application for leave to appeal with the Michigan Court of Appeals. On May 1, 2020, the Michigan Court of Appeals denied leave to appeal under case number 352178. Subsequently, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. On October 27, 2020, the Michigan Supreme Court denied leave to appeal pursuant to case number 161517. (See Orders, Appendix).

6.) There have been no other appeals regarding these convictions and sentences. Petitioner has never sought federal habeas corpus relief with respect to these convictions and sentences. Petitioner has no appeals or proceedings presently pending in any other court. Petitioner is facing no other sentences or charges. Petitioner was represented in the trial court by attorney Michael Winnick, on appeal in the Michigan Court of Appeals by attorney Carl Christoph, and in the Michigan Supreme Court, Petitioner represented himself.

7.) Petitioner raises the federal constitutional validity of his sentences, and this Court should grant Petitioner's Petition and relief requested. This Court should order Petitioner resentenced since the trial court engaged in impermissible judicial fact-finding, and/or relied on facts that were not found beyond a reasonable doubt by a jury or supported by the plea to score the sentencing guidelines and impose his sentences, specifically Michigan sentencing guidelines offense variables ("OV") 8, MCL 777.38, 13, MCL 777.43, and 19, MCL 777.22, contrary to *Alleyne v. United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013), as adopted by the State of Michigan in *People v. Lockridge*, 498 Mich 358; 870 NW 2d 502 (2015), *Apprendi v. New Jersey*, 530 US 466, 476, 484; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and other federal constitutional authorities and principles. When the trial court applied facts that were outside of the required elements of the state charges to increase the scoring of the sentencing guidelines,

which caused the minimum floor of the Petitioner's sentence to be increased, those facts became ingredients of the charged offenses that should have been proven by a jury beyond a reasonable doubt or supported by the plea.

8.) The convictions and sentences under which Petitioner is imprisoned are unlawful, unconstitutional and void because of a violation of Petitioner's right to due process of law guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and his right to a jury trial and compulsory process guaranteed by the Sixth Amendment to the Constitution of the United States. US Const, Am. IV,VI, XIV. The violations are not mere irregularities, but are significant violations which deprived him of a fair hearing and sentencing based on accurate information which requires this Court's review and consideration pursuant to *Townsend v. Burke*, 334 US 736; 68 S Ct 1252; 92 L Ed 2d 1690 (1948).

9.) This Court has jurisdiction over Petitioner, and the issues raised in this Petition pursuant to 28 U.S.C. Section 2254, because Petitioner is being held in violation of the Constitution and laws of the United States.

10.) Petitioner incorporates by reference the Brief in Support of Petition for Writ of Habeas Corpus and the Exhibits in the Appendix.

Wherefore, Petitioner moves this Honorable Court to grant the following relief:

a.) Accept jurisdiction over this case;

b.) Require the Respondent to answer the allegations in this Petition and the Brief in Support;

c.) Hold such evidentiary hearings and oral argument as this Court may deem necessary or appropriate;

- d.) Issue an Order that this Court will grant a Writ of Habeas Corpus pertaining the issues presented and based on the invalid sentence unless the State resentences Petitioner within a specified time;

e.) Issue a Writ of Habeas Corpus freeing Petitioner from his unconstitutional, invalid and improper confinement.

Respectfully submitted,

_____
Carl Christoph (41377)
Attorney for Petitioner Kasey Perron
23332 Farmington Road, #1038
Farmington, Michigan 48332-1038
(800) 909-2275
carlchristoph@juno.com

Dated: January 23, 2022